IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CODY LEE CHAMBERS,**
**et al.,**

        **Plaintiffs,**

        **v.**                   **CASE NO. 13-3195-SAC**

**RAY ROBERTS, Kansas**
**Secretary of Corrections,**
**et al.,**

        **Defendants.**

## MEMORADUM AND ORDER

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by three inmates of the Lansing Correctional Facility, Lansing, Kansas. Having examined all materials filed, the court finds that two plaintiffs are improperly joined and dismisses their claims. The remaining plaintiff is required to satisfy the filing fee prerequisites and to cure the deficiencies in the complaint that are set forth in this ordER.

## DENIAL OF CLASS ACTION CERTIFICATION

The complaint is entitled "Pro se Class Action." However, no adequate motion for class certification was filed. Nor do plaintiffs' "Class Action Allegations" within their complaint show that they meet the prerequisites for class certification under Rule

1

23(a) of the Federal Rules of Civil Procedure.[1] Plaintiffs make bald allegations that they satisfy the numerosity, commonality and typicality prerequisites to class action status. However, pursuant to Rule 23(a)(4), a party moving for class certification must also show that the representative party can "fairly and adequately protect the interests of the class." *Id.* "Due process requires that the Court 'stringently' apply the competent representation requirement because class members are bound by the judgment (unless they opt out), even though they may not actually be aware of the proceedings." *Lile v. Simmons*, 143 F.Supp.2d 1267, 1277 (D.Kan. 2001)(quoting *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974)). Where, as here, class certification is sought by pro se litigants, it is typically denied because a layperson does not have the requisite legal training and expertise necessary to protect the interests of the class. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Harris v. Correction Management Afiliates, Inc.*, 92 F.3d 1196, *1 (10th Cir.

---

[1] Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a)(1)-(4).

1996)(unpublished) [2] ("Courts are reluctant to certify a class represented by a pro se litigant because a layman representing himself is considered 'to be clearly too limited to allow him to risk the rights of others.'")(quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Liles*, 143 F.Supp.2d at 1277 (accord)(citing 7A Charles A. Wright, et al., Federal Practice and Procedure § 1769.1 n. 12). A prisoner litigant "may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo*, 213 F.3d at 1321 (citing *Oxendine*, 509 F.2d at 1407). Because the threshold requirements of Fed.R.Civ.P. 23(a) are not satisfied, plaintiff's request for class action status is denied.

For similar reasons, the court finds that plaintiffs do not satisfy Rule 20 of the Federal Rule of Civil and may not be permitted to bring this action jointly. Rule 20(a)(1) governs when multiple plaintiffs may bring a joint action:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

*Id.* Although plaintiffs assert violation of their Native American religious freedoms under the same "general theories of law," this alone is not enough to satisfy the "same transaction or occurrence" test of Rule 20(a). *See Worthen v. Oklahoma Dept. of Corrections*,

---

[2] Unpublished opinions are cited herein for persuasive reasoning rather than as controlling authority.

2007 WL 4563665 (W.D. Okla. 2007)(quoting *Aaberg v. ACandS Inc.,* 152 F.R.D. 498, 500 (D.Md. 1994)("A complaint that does not attempt "individualization or description of the particular circumstances . . . of the individual plaintiffs . . . [does] not satisfy the 'same transaction or occurrence' test of Fed.R.Civ.P. 20(a).")).

In the instant complaint, no facts are provided regarding the individual claims of each plaintiff such as the dates of personal requests for more frequent access to a sweat lodge, pipe, and tobacco or the names of the persons denying individual requests and the reasons given. Moreover, each plaintiff must satisfy the filing fee and exhaustion prerequisites. In addition, each plaintiff's claim will require a distinct analysis with respect to the statute of limitations and the alleged harm suffered. Furthermore, there are evident "impracticalities associated with multiple-plaintiff prisoner litigation that mitigate against permissive joinder." *See Proctor v. Applegate*, 661 F.Supp.2d 743, 780 (E.D. Mich. 2009). Among the difficulties noted are the need for each plaintiff to sign every pleading, that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation, that pleadings may be filed on behalf of plaintiffs without their consent, and that routine transfers may make joint litigation difficult. *Id*.

The court concludes that joint litigation of plaintiffs' claims would not be proper and accordingly dismisses the claims of Mr. Chambers and Mr. Plaster without prejudice. Mr. Chambers' claims

are dismissed as improperly joined and because his claims for injunctive relief are moot due to his transfer out of the LCF. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999). Mr. Plaster's claims are dismissed from this action as improperly joined. In order for Mr. Plaster to proceed on his claims he must file his own separate complaint, and in that action he must satisfy the fees for filing a complaint in federal court. This action proceeds with Mr. Swisher as the only plaintiff.

**FILING FEE**

Plaintiff Swisher has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 5). However, this motion is incomplete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The "Inmate Banking Transaction History" provided by plaintiff is not a certified statement of all transactions in his inmate account and includes no balances. This action may not proceed until plaintiff provides the financial information required by federal law. He will be given time to do so, and is warned that if he fails to comply with the provisions of

28 U.S.C. § 1915, this action may be dismissed without further notice.

Mr. Swisher is reminded that under 28 U.S.C. § 1915(b)(1), being granted such leave will not relieve him of the obligation to pay the full fee for filing a civil action. Instead, it merely entitles him to pay the fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[3]

**FACTUAL ALLEGATIONS AND CLAIMS**

As Count I in the complaint, plaintiff claims that defendants violated the First Amendment free exercise of religion clause. As facts in support, he alleges as follows. Defendants continually deny plaintiff access to a Sweat Lodge once a week, which is his church, and a Personal Prayer Pipe and Sacred Tobacco to pray with daily. Defendants "refuse to recognize beadwork and leathercraft as Native American spirituality."

As Count II, plaintiff claims that defendants violated the "American Indian Religious Freedom Act, 42 U.S.C. §§ 2000CC, 2000cc-2 by means of use of the Religious Freedom Restoration Act" and cites 42 U.S.C. §§ 2000bb, 2000bb-1.[4] As factual support, he alleges that

---

[3] Mr. Chambers also filed a motion for leave to proceed without prepayment of fees (Doc. 3), which the court denies as moot. If this motion were not denied as moot, Mr. Chambers would be assessed, despite dismissal of his claims, an initial partial filing fee of $2.00 as well as the remainder of the $350.00 fee to be paid over time through payments automatically deducted from his inmate account. Mr. Plaster has made no effort to satisfy the filing fee in this action.

[4] The "Religious Freedom Restoration Act" (RFRA) is the predecessor to the

6

defendants have refused his requests for "religious ceremonies within the least restrictive means." Plaintiff asserts that the "Department of Justice, Bureau of Prisons has clearly established" that this request is "accomidatible (sic) within least restrictive means in an institutional setting." Plaintiff alleges that conducting a Sweat Lodge once a week and praying with a pipe "are easily practible (sic)."

As Count III, plaintiff claims that defendants violated Fourteenth Amendment due process. In support, he alleges that the "entire facility and Department of Corrections refuses to properly handle and answer" any grievances and appeals on religious accommodation.

Plaintiff seeks a declaration that his rights have been violated and injunctive relief requiring the Kansas Department of Corrections (KDOC) to change their current policies and procedures on Native American religion "to a less restrictive means and to policies more similar to Federal Bureau of Prisons." He specifically asks the court to order defendants to allow a Sweat Lodge once a week and prayer with a Sacred Pipe and tobacco every day.

**SCREENING**

Because Mr. Swisher is a prisoner, the court is required by

---

"Religious Land Use and Institutionalized Persons Act" (RLUIPA), and the substantive provisions of the two acts are the same. *See Murphy v. Missouri Department of Corrections,* 372 F.3d 979, 987 (8th Cir. 2004)(referring to RFRA as "the predecessor" to RLUIPA).

7

statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**LEGAL STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. There must be "enough facts to state a claim to relief that is plausible on its face. *Id*. at 570. The Tenth Circuit Court of Appeals has instructed "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"Under the free exercise clause of the first amendment, an inmate must be accorded a reasonable opportunity to pursue his religion." *Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991). However, this opportunity may be limited for a prisoner if the restriction is "reasonably related to legitimate penological interests." *Making v. Colorado Department of Corrections*, 183 F.3d 1205, 1209 (10th Cir. 1999). The district court in *Grady v. Holmes,* 2008 WL 3539274, *3-*4 (D.Colo. 2008), clearly set forth the

9

standards governing an inmate's First Amendment and RLUIPA claims:

> The First Amendment to the United States Constitution provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I. Although inmates retain First Amendment rights, those rights are not without reasonable limitations. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In order to establish a constitutional violation of his right to free exercise of religion, the plaintiff bears the initial burden of demonstrating that the restriction substantially burdened his sincerely held religious beliefs. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). The Supreme Court has defined a "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 718 (1981), or one that forces a person to "choose between following the precepts of her religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of her religion . . . on the other hand." *Sherbert v. Verner*, 374 U.S. 398, 404 (1963). The definition of substantial burden does not include "incidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs." *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450-51 (1988).
>
> Section 3 of RLUIPA applies strict scrutiny to government actions that substantially burden the religious exercise of institutionalized persons.
>
>> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in [42 U.S.C. § 1997], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>>
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering

> that compelling governmental interest.
>
> 42 U.S.C. § 2000cc-1(a). "This section applies in any case in which-(1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; . . ." 42 U.S.C. § 2000cc-1(b)(1). "The term 'substantial burden' as used in [RLUIPA] is not intended to be given any broader interpretation than the Supreme Court's articulation of the concept of substantial burden of religious exercise." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 661 (10th Cir. 2006) (quoting 146 CONG. REC. 7774-01, 7776).
>
> Thus, a claim under RLUIPA includes four elements. On the first two elements, (1) that an institutionalized person's religious exercise has been burdened and (2) that the burden is substantial, the plaintiff bears the burden of proof. *Id.* § 2000cc-2(b). Once a plaintiff has established that his religious exercise has been substantially burdened, the onus shifts to the government to show (3) that the burden furthers a compelling governmental interest and (4) that the burden is the least restrictive means of achieving that compelling interest.
>
> *Spratt v. Rhode Island Dept. of Corrections*, 482 F.3d 33, 37-38 (1st Cir. 2007)(citing 42 U.S.C. § 2000cc-1(a).

*Id.* Having applied the foregoing standards to the complaint filed herein, the court finds that it is subject to being dismissed for the following reasons.

**FAILURE TO ALLEGE SUFFICIENT FACTS TO SUPPORT CLAIMS**

Plaintiff does not allege facts indicating how often and on what dates any of the religious articles specified were denied to him or by whom. His allegations seem to boil down to a claim that he has a constitutional right to be provided a Sweat Lodge once a week instead of once a month and a personal Prayer Pipe with Sacred Tobacco

11

daily instead of weekly.  Although plaintiff may prefer weekly access to these religious articles, he has not alleged facts suggesting that he has been denied an adequate opportunity to practice the tenets of his religion.  Plaintiff does not reveal what reasons were given for any particular denial of or restriction on these particular religious articles.  Nor does allege that he is Native-American or provide other facts showing that he sincerely practices the Native-American religion.  More importantly, plaintiff's own exhibits indicate that the religious articles he claims were "continuously denied" are regularly made available under KDOC Interdepartmental Memorandum on Native Americans: Call Outs and Security of Materials (Jan. 1, 2005).  *See* Doc. 1-1, at 45-49; Attach. E (KDOC Instructional Material Concerning native American Religious Artifacts); s*ee also* IMPP 10-110 (Effective 4/29/2011).  Plaintiff seeks to receive the same privileges as federal inmates, but does not adequately describe in what manner he is currently being allowed to practice his religion.  State prison inmates are not necessarily entitled to the same religious accommodations as are accorded federal inmates under Bureau of Prisons regulations.  In short, plaintiff has not alleged facts showing that any defendant's conduct has "substantially burdened" his religious exercise under the First Amendment or RLUIPA.  *See Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).

Plaintiff's claim of denial of due process is even more devoid

of factual support. The statement in the complaint that "the entire facility" and KDOC refuse "to properly handle and answer any grievances" is completely conclusory. Plaintiff provides no dates or contents of grievances that were submitted by him and does not describe how each was handled or responded to by the defendants.

In addition, plaintiff fails to allege facts showing personal participation in the alleged violation of his constitutional and federal statutory rights by each named defendant. Personal participation is an essential element of a civil rights complaint and must be alleged on the part of each defendant. No individual defendant is even mentioned in the body of the complaint. A denial of an administrative grievance, by itself, does not establish personal participation in a rights violation that occurred prior to the administrative process. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Finally, the court notes that it plainly appears from attachments to the complaint that administrative remedies have not been properly exhausted as mandated by 42 U.S.C. 1997e ("No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."). Rather than seeking relief by way of the regular

13

four-step inmate grievance process, Mr. Chambers filed a grievance directly to the Secretary of Corrections. The filing of a "special problems" grievance to the Secretary, rather than following the steps in the KDOC grievance process, does not amount to full exhaustion where, as here, the Secretary determined that the grievance was not appropriate for special problems treatment. Complaint (Doc. 1-1) at 27.[5] If Mr. Swisher is relying on this improper attempt at exhaustion, it was not adequate. Nor do the bald statements in the complaint, that "we have filed numerous grievances" and "filed Accomidations (sic) of Religion" but the administration and the Secretary refused to respond, show exhaustion, particularly since plaintiff exhibits a response from the Secretary.

Mr. Swisher is given time to cure the deficiencies in the complaint that have been discussed herein. If he fails to cure all the deficiencies within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that the request for class certification in the complaint (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that the claims of plaintiff Chambers are dismissed from this action, without prejudice, as moot and as improperly joined; and that his motion to proceed without prepayment of fees (Doc. 3) is denied as moot.

**IT IS FURTHER ORDERED** that the claims of plaintiff Plaster are

---

5     The Secretary responded on October 1, 2013.

dismissed from this action, without prejudice, as improperly joined.

**IT IS FURTHER ORDERED** that plaintiff Swisher is granted thirty (30) days in which to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this complaint.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff Swisher is required to cure the deficiencies in the complaint discussed herein.

The clerk is directed to send 1983 forms to plaintiff Swisher, and to Mr. Chambers and Mr. Plaster.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**